## DAVID ROOT

*v.*

## THEODORE WOOD.

1. SALE OF PROPERTY. The purchaser of personal property sold to him by A acting as agent for B, cannot defend against a suit for the purchase-money, on the ground that B's title, which had been derived from A, was fraudulent as to creditors.

2. WITNESS—*Impeaching.* A witness cannot be impeached by proof that he has made contradictory statements, without first calling his attention to the time and place of making them.

APPEAL from the Court of Common Pleas of the city of Aurora: Hon. R. G. MONTONY, Judge, presiding.

This was an action of assumpsit brought by the appellee to recover the value of certain personal property sold to the appellant. In the court below the plaintiff had a verdict and judgment.

Messrs. PLATO and SMITH for the appellant, submitted the following points:

The court ought to have allowed the deposition of Lewis Martin in this case to have been read to the jury.

That shows most clearly that the notes in controversy were, in fact, the property of Samuel Wood, the pretended agent of Theodore, and, of course, this deposition had the direct tendency to establish the fraud that was, in this case, attempted by Samuel Wood, in selling property which belonged to him, and of which he was in the possession, and then turn round and sue in the name of another, for whom he pretends to act as agent, by that means recovering the full price for the property sold, when a different understanding in relation to the payment for the same, in fact, existed between Root and himself.

That deposition shows that the notes were made payable to Theodore Wood on purpose to defraud, and if this suit is unreversed he will have accomplished it.

So also should the bill of sale of property, from Samuel Wood to Hinckley, have been allowed in evidence.

It shows that of this property on the farm, and in possession of Samuel Wood, (on the trial of this case claimed to belong to Theodore), was, in fact, Samuel's, and he disposed of it as such.

The court should have allowed the defendant Root to have proved by the witness Griffith, statements made by Samuel Wood in relation to the true ownership of said property, made after Theodore went to war, and before the sale to said Root, and while the same was in the possession of Samuel Wood.

This the court refused to allow; decided that all evidence as to statements of Samuel Wood as to ownership of the property, were irrelevant, improper and incompetent.

This was also error.

While it is true, as a general rule, the declarations of a grantor, after the execution of the deed, cannot be received to defeat it, yet there are many exceptions to the same.

"The exception has very properly been applied to the case of a debtor continuing in possession of personal property after sale. What he may say while thus in possession is receivable against his vendee as a part of the *res gestæ.*"

Root *v.* Wood.

*Waterbury* v. *Sturtevant*, 18 Wend. 353, citing *Willies* v. *Farley*, 3 Carr. and Payne, 395; *Babb* v. *Clemson*, 10 Serg. & Rawle, 419, 426, 427; 12 id., 328, 329, 330; *Wilbur* v. *Strickland*, 1 Rawle, 458; 1 id. 362.

Messrs. LELAND & BLANCHARD, attorneys for the appellee, submitted the following points and authorities:

Appellee by his agent, Samuel Wood, sold to Root, appellant, seven yearling steers and four notes of $50 each (executed by Lewis Martin to appellee) for $244, and delivered the same to Root. Root, after obtaining possession of the cattle and notes, refused to pay for the same, except by the notes of Samuel Wood, which he, Root, had purchased.

Theodore Wood, the appellee, brought this action to recover the $244, and obtained judgment for the same. From that judgment, Root appeals to this court.

The evidence offered by defendant below, and excluded by the court, was for the purpose of showing that the property sold as aforesaid, by Theodore Wood, by his agent, Samuel Wood, to Root, was the property of Samuel Wood. There is no issue in the case under which the evidence could be introduced. Plaintiff declared specially upon a sale and delivery of the property to defendant, and a promise on his part to pay for same. Defendant plead the general issue.

Therefore only that evidence was competent that tended to disprove the purchase of the property and promise to pay. This the defendant below did not attempt to do.

All the evidence offered by defendant was for the purpose of showing that the property purchased by him, as the property of appellee, was the property of Samuel Wood. All such evidence was utterly foreign to the issue, and was properly excluded.

If the evidence was properly excluded, then the instructions asked by defendant were properly refused.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of assumpsit brought to recover the price of seven head of cattle and four promissory notes sold and delivered by the appellee to the appellant. The plea is the general issue. On the trial it appeared that the property mentioned was sold to the appellant as the property of the appellee by his father, Samuel Wood, who claimed to be an agent for that purpose. Samuel Wood testified that he had, before the sale, transferred the property to the appellee. The appellant offered evidence tending to show that the transfer by Samuel Wood to the appellee was not *bona fide*, which evidence was excluded by the court. We are of the opinion that the evidence offered did not tend to prove the issue on the part of the appellant. Evidence that the appellee came by the property under circumstances which would render his title invalid, as against the creditors of Samuel Wood, had no direct tendency to establish that the appellant did not purchase the property of the appellee and promise to pay him for it, and no proper foundation was laid for introducing the testimony for the purpose of impeaching the witness Wood. To have made the evidence admissible for the latter purpose, the witness Wood should have been asked if he made the statements which it was proposed to prove that he did make, and his attention should have been called to the time when and place where these statements were made. The judgment of the court below is affirmed.

*Judgment affirmed.*